[Civ. No. 23156.   Second Dist., Div. Three.   Oct. 14, 1958.]

THE PEOPLE, Respondent, v. ONE 1954 OLDSMOBILE 4-DOOR SEDAN, LICENSE NUMBER KVS 173, ENGINE NUMBER V 308154, etc., Defendant; DONALD E. MEDARIS et al., Appellants.

Boller, Suttner & Boller for Appellants.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

PATROSSO, J. pro tem.*—Defendants, husband and wife appeal from a judgment forfeiting to the state a 1954 Oldsmobile of which they were the registered coowners upon the ground that it was used unlawfully to transport narcotics. (Health & Saf. Code, § 11610.)

The trial court found that the vehicle was used by the defendant Mrs. Medaris to unlawfully carry and transport isonipecaine (Demerol), a narcotic, and that such narcotic was unlawfully in her possession while she was an occupant of the vehicle. The defendants contend that this finding is not supported by the evidence. We find no merit in this claim and accordingly are affirming the judgment.

The evidence is undisputed. On March 30, 1957, the defendant Mrs. Medaris presented to P. Melvin Knoll, a pharmacist employed by the Temple City Professional Pharmacy in Temple City, a prescription for 30 centimeters of Demerol with 100 milligrams per 2 centimeters. Mr. Knoll obtained from the pharmacy stock a sealed vial containing 30 centimeters of Demerol; removed therefrom the manufacturer's label; placed thereon the label of the pharmacy and delivered the same to Mrs. Medaris, who thereupon proceeded directly to the automobile in question, entered the same and drove away. The prescription which Mrs. Medaris delivered to the pharmacist had been written by her and she had forged thereto the name of a Dr. Morris.

In support of their contention as to the insufficiency of the evidence the appellants first argue that there is no proof that the vial delivered to Mrs. Medaris in fact contained Demerol. This argument is predicated upon the testimony of the pharmacist that Demerol is water white in color as a result of which its identity may not be ascertained by visual inspection, and that the only basis for his testimony that the product contained in the sealed vial was Demerol is the fact that it was so labeled by the manufacturer. The defendants adduced no evidence that the vial did not in fact contain Demerol.

*Assigned by Chairman of Judicial Council.

From the proof that it was in a sealed vial, labeled by the manufacturer as such and that it was delivered to Mrs. Medaris upon a prescription presented by her calling for the drug the trial court was fully warranted in concluding that the vial contained Demerol.

The defendants next assert that there is no evidence that the narcotic was ever in the automobile and further that there is no showing that there was a place-to-place movement which would warrant a finding of transportation of the narcotic. The fact, however, that after receiving the drug Mrs. Medaris immediately proceeded to her automobile and drove away justified the trial court in concluding that she had the drug in her possession when she entered the automobile and drove away in it. ■ Moreover, the fact that she had the drug in her possession when she entered the automobile is sufficient to support the judgment without proof of transportation, for section 11610, Health and Safety Code, provides that "A vehicle . . . in which any narcotic is unlawfully kept, deposited or concealed, . . . or in which any narcotic is unlawfully possessed by an occupant thereof, . . . shall be forfeited to the State."

In view of the foregoing it is unnecessary to consider appellants' final contention that the trial court's further finding that the vehicle was used "to facilitate the transportation" of the narcotic is unsupported by the evidence.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.